# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 16-20052-JAR |
| JAVIER TOVAR-ZAMORANO, | |
| Defendant. | |

## MEMORANDUM AND ORDER

This matter comes before the Court upon consideration of Defendant Javier Tovar-Zamorano's *pro se* Motion for Reduction of Sentence (Doc. 118), seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c) and §§ 401, 402, 404, and 601 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 ("the Act"). For the reasons explained below, Defendant is not eligible to receive a sentence reduction and his motion is denied.

## I. Background

On October 25, 2017, Defendant pleaded guilty pursuant to Fed. R. Crim. P. 11(c)(1)(C) to one count of conspiracy to possess with intent to distribute more than 500 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 846.[1] In anticipation of sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSR"), which determined that Defendant was responsible for the distribution of 4.325 kilograms of "Ice" methamphetamine, resulting in a base offense level of 36.[2] Defendant was assessed a two-level increase for importation of methamphetamine that he

---

[1] Docs. 75, 76.

[2] Doc. 97 ¶ 36.

knew was imported unlawfully pursuant to U.S.S.G. § 2D1.1(b)(5);[3] a three-level enhancement for his role in the offense pursuant to U.S.S.G. § 3B1.1(b);[4] and a three-level decrease for acceptance of responsibility, resulting in a total offense level of 37.[5] Defendant's criminal history was I, resulting in a Guidelines range of 210 to 262 months.[6] Defendant was subject to a statutory mandatory minimum of ten years pursuant to 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii).[7]

On February 5, 2018, Defendant was sentenced to 151 months' imprisonment,[8] which reflects the low end of a three-level decrease of the otherwise-applicable Guidelines range.[9] Defendant did not file a direct appeal in this matter. On April 29, 2019, Defendant filed the instant motion, seeking a sentence reduction under § 3582(c) and the Act.

## II. Discussion

Defendant requests the Court apply the Act retroactively to grant him a sentence reduction but does not suggest what his new sentence should be. A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so.[10] Under § 3582(c)(1)(B), the court "may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure."[11] The Act was signed into law on December 21, 2018, and implements reforms to

---

[3]*Id.* ¶ 37.
[4]*Id.* ¶ 39.
[5]*Id.* ¶ 45.
[6]*Id.* ¶ 68.
[7]*Id.* ¶ 67.
[8]Doc. 106.
[9]Doc. 76 at 3.
[10]*See* 18 U.S.C. § 3582(c); *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996).
[11]Defendant cites 18 U.S.C. § 3582(c)(2) as the vehicle to implement the First Step Act. That provision allows a court to reduce a defendant's previously imposed sentence where a defendant "has been sentenced to a term

2

the criminal justice system. As Defendant notes, Section 401 of the Act amended § 841 to reduce the mandatory minimum sentence from 20 to 15 years' imprisonment for some defendants with prior drug convictions.[12] Section 401(c), however, clearly states that this section applies only "if a sentence for the offense has not been imposed as of such date of enactment."[13] Here, Defendant was not awaiting sentencing in connection with the offenses charged in his criminal case when the Act became effective.

Defendant also relies on § 402 of the Act, which broadens the availability of the "safety valve" by which a defendant who qualifies may avoid a mandatory minimum sentence and obtain a two-level offense level reduction.[14] Prior to the Act, a defendant with more than one criminal history point was ineligible for safety valve application.[15] Section 402 of the Act amended § 3553(f)(1), but did not amend § 3553(f)(4), which disqualifies a defendant who was an "organizer, leader, manager, or supervisor of others in the offense."[16] Defendant's base offense level was increased three levels because he was the "organizer, leader, manager or supervisor" of five or more participants in the conspiracy.[17] Thus, Defendant remains ineligible

---

of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." The sentencing changes implemented by the Fair Sentencing Act, however, are the result of Congress's enactment of a new statute, and thus by its plain terms, § 3582(c)(2) does not apply. *See United States v. Logan*, No. 07-20090-01-KHV, 2019 WL 498519, at *1 (D. Kan. Feb. 8, 2019) (applying 18 U.S.C. § 3582(c)(1)(B) to defendant's motion to reduce sentence under the First Step Act); *United States v. Davis*, No. 07-CR-245S, 2019 WL 1054554, at *2 (W.D.N.Y. Mar. 6, 2019) (construing defendant's motion to reduce sentence under Fair Sentencing Act as one brought under 18 U.S.C. § 3582(c)(1)(B)); *United States v. Delaney*, No. 6:08-cr-00012, 2019 WL 861418, at *1 (W.D. Va. Feb. 22, 2019) (holding modifications of sentences under the First Step Act are governed by 18 U.S.C. § 3582(c)(1)(B)); *United States v. Copple*, No. 17-cr-40011-JPG, 2019 WL 486440, at *2 (S.D. Ill. Feb. 7, 2019) (applying 18 U.S.C. § 3582(c)(1)(B) to defendant's request to modify sentence under § 404 of the Fair Sentencing Act).

[12] First Step Act § 401(a)(2)(A)(i).
[13] *Id.* § 401(c).
[14] U.S.S.G. § 2D1.1(b)(17).
[15] 18 U.S.C. § 3553(f)(1).
[16] 18 U.S.C. § 3553(f)(4).
[17] Doc. 97 ¶ 39.

for the safety valve provision. Moreover, § 402 of the Act applies "only to a conviction entered on or after the date of this Act."[18] Defendant's conviction was entered prior to the date of enactment and he is not eligible for relief under this section.

Section 404 of the Act is the only provision of the Act that applies retroactively to defendants who have already been sentenced and permits district courts to reduce a sentence retroactively based on the revised statutory penalties of the Fair Sentencing Act of 2010.[19] The Fair Sentencing Act of 2010 modified the statutory sentencing range only for crack cocaine offenses. In this case, Defendant was not sentenced to an offense involving crack cocaine, but instead was convicted of an offense involving Ice methamphetamine. The statutory penalties for drug conspiracies involving methamphetamine were not modified by § 2 of the 2010 Act.

Finally, Defendant seeks relief under § 601 of the Act. Under 18 U.S.C. § 3621(b), the Bureau of Prisons ("BOP") is required to "designate the place of the prisoner's imprisonment." The statute gives the BOP discretion as to placement of a prisoner, "cabined by further mandatory direction to the BOP to 'consider[ ]' the five factors enumerated in the statute when making the designation."[20] The Act amends § 3621(b) to require the BOP, after consideration of factors such as bed availability, security designation, the court's recommendation, medical and mental health needs, and faith-based needs, to "place the prisoner in a facility as close as practicable to the prisoner's primary residence, and to the extent practicable, in a facility within 500 driving miles of that residence"[21] Section 601 also added language that "[n]otwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not

---

[18] First Step Act § 402(b).

[19] First Step Act § 404(a).

[20] *Wedelstedt v. Wiley*, 477 F.3d 1160, 1166 (10th Cir. 2007); 18 U.S.C. § 3621(b)(1)-(5).

[21] First Step Act § 601.

4

reviewable by any court."[22]  Defendant asks the Court to compel the BOP to transfer him closer to his home.[23]  At sentencing, the Court recommended Defendant be placed as close to California as possible to facilitate family visitation.[24]  Section 601 of the Act does not divest the BOP of its statutory discretion to determine the location of an inmate's imprisonment, and this Court does not have the authority to compel the BOP to make any retroactive placement decisions. Defendant's request is denied.

In sum, Defendant is simply not eligible for a reduction of his sentence or any further relief pursuant to the First Step Act, and his motion is therefore denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Javier Tovar-Zamorano's Motion for Reduction of Sentence (Doc. 118) is DENIED.

**IT IS SO ORDERED.**

Dated: <u>May 6, 2019</u>

    S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[22]*Id.*

[23]Defendant is currently incarcerated at Rivers Correctional Institution, Winton, North Carolina.

[24]Doc. 106 at 2.